UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STATE FARM FIRE & CASUALTY
COMPANY, et al.,

        Plaintiffs,                              Civil Action No. C-1-01-891

vs.

CARRIER CORPORATION, et al.,        Novotny, M.J.
                                                                      (Formerly assigned to Beckwith, J.)

        Defendants.

**ORDER: THAT PLAINTIFFS' STIPULATION FOR DISMISSAL (Doc. 36) IS STRICKEN FROM THE RECORD FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 41**

Plaintiffs initiated this action by filing a complaint in the Scioto County Court of Common Pleas against defendants Carrier Corporation ("Carrier"), the General Electric Company ("General Electric"), and unidentified "John Doe" manufacturers. The matter was removed to the federal district court on December 26, 2001. (Doc. 1). The parties have consented to final disposition by the magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Docs. 11, 12).

On April 7, 2003, Carrier filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Doc. 20). The parties agreed, with the approval of the Court, that opposing parties could reply to the motion for summary judgment within twenty-one (21) days after the dispositive motion deadline. The dispositive motion deadline expired on September 30, 2003. (*See* Doc. 29). Thus, memoranda in opposition to the motion for summary judgment

has determined that Fed. R. Civ. P. 21 is the appropriate avenue for a party seeking dismissal of fewer than all defendants:

> Rule 41(a)(1) provides for the voluntary dismissal of an "action" not a "claim"; the word "action" as used in the Rules denotes the entire controversy, whereas "claim" refers to what has traditionally been termed "cause of action." Rule 21 provides that "Parties may be dropped or added by order of the court on motion ..." and we think that this rule is the one under which any action to eliminate ... a party should be taken.

*Philip Carey Mfg. Co. v. Taylor,* 286 F.2d 782, 785 (6th Cir.), *cert. denied,* 366 U.S. 948 (1961) (quoting *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105, 108, (2d Cir.), *cert. denied,* 345 U.S. 964 (1953)). *See also Letherer v. Alger Group, L.L.C.,* 328 F.3d 262, 266 & n.2 (6th Cir. 2003).

**IT IS THEREFORE ORDERED THAT** the Stipulation For Dismissal (Doc. 36) is **STRICKEN FROM THE RECORD** without prejudice to renewal (if plaintiffs seek dismissal of the action) or, in the alternative, to the filing of an appropriate motion under Fed. R. Civ. P. 21.

**IT IS SO ORDERED.**

                                          s/Susan M. Novotny
                                          Susan M. Novotny
                                          United States Magistrate Judge

are due on or before October 21, 2003.

On October 8, 2003, plaintiffs filed a Stipulation for Dismissal pursuant to Fed. R. Civ. P. 41 to dismiss, without prejudice, their claims against Carrier. (Doc. 36). Plaintiff stated that "[c]laims against defendant General Electric remain pending." (*Id.*) The stipulation was signed by counsel for plaintiff State Farm Fire & Casualty Company and indicated that counsel for plaintiffs Keith Blevins and Debra Blevins consented to the stipulation for dismissal, as did counsel for Carrier. (*See id.*, p. 2). There was no indication as to whether General Electric had also consented (and no certificate showing that General Electric was even served with a copy of the Stipulation).

Rule 41 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed. R. Civ. P. 41(a)(1). Rule 41 further provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

Plaintiffs have not complied with the requirements of Fed. R. Civ. P. 41(a)(1)(ii) because the Stipulation for Dismissal (Doc. 36) was not signed "by all parties who have appeared" in this case.

Moreover, it appears that Rule 41 does not apply. While some courts hold that a plaintiff can dismiss fewer than all defendants pursuant to Rule 41(a)(1), the Sixth Circuit